CHIEF JUSTICE TURNAGE,
dissenting.
¶55 I respectfully dissent from the majority’s conclusion that the Coal Producer’s License Tax is unconstitutional.
¶56 Analysis of the substantive issue presented in this case must begin with the presumption that all legislative enactments are constitutional. Roosevelt v. Montana Dept. of Revenue, 1999 MT 30, ¶ 26, 293 Mont. 240, ¶ 26, 975 P.2d 295, ¶ 26. The party challenging the constitutionality of a statute bears the burden of proving the statute unconstitutional beyond a reasonable doubt. Roosevelt at ¶ 26.
¶57 Article IX, Section 5 of the Montana Constitution provides:
The legislature shall dedicate not less than one-fourth (1/4) of the coal severance tax to a trust fund, the interest and income from which maybe appropriated. The principal of the trust shall forever remain inviolate unless appropriated by vote of three-fourths (3/4) of the members of each house of the legislature. After December 31, 1979, at least fifty percent (50%) of the severance tax shall be dedicated to the trust fund.
The above language requires that fifty percent of all Coal Severance Tax must be deposited in trust with the principal remaining inviolate unless appropriated by a vote of three-fourths of the members of each house of the legislature. I submit that these provisions are not violated by H.B. 260.
*85 ¶58 There are no provisions in the Montana Constitution that limit the constitutional authority of the Montana legislature, by a majority vote, to eliminate the Coal Severance Tax in its entirety. The above constitutional language does not specify a rate at which the Coal Severance Tax must be assessed, nor does it require that such a tax be imposed. Therefore, most certainly the legislature has the authority under the Constitution to reduce the Coal Severance Tax.
¶59 The indirect effect of H.B. 260 is to reduce the rate at which the Coal Severance Tax is assessed. Because this result could constitutionally be accomplished by direct legislative action, as the Court concedes, I see no reason why it becomes unconstitutional when it is an indirect result of legislative action.
¶60 The fact that H. B. 260’s Coal Producer’s License Tax is based upon the contract sales price of coal produced in Montana does not make this tax into the Coal Severance Tax. Other mining-related taxes are also based upon the contract sales price. Both the Coal Gross Proceeds Tax, §§ 15-23-701 through -707, MCA, and the Resource Indemnity Trust Tax, §§ 15-38-101 through -129, MCA, are based on the same “contract sales price” as the Coal Severance Tax and the Coal Producer’s License Tax. Nor.does the distinction upon which the majority relies, that the Coal Producer’s License Tax provides a tax credit against the Coal Severance Tax whereas the other mining-related taxes do not, create a violation of the Montana Constitution. The legislature is empowered to enact new taxes and to provide tax credits. Art. VIII, § 2, Mont. Const.; McCray v. United States (1904), 195 U.S. 27, 59, 49 L.Ed. 78, 97, 24 S.Ct. 769, 778. Article IX, Section 5 of the Montana Constitution does not prevent the legislature from enacting a new tax on coal producers and providing a credit against the Coal Severance Tax.
¶61 Article III, Section 1, of the Montana Constitution provides:
Separation of powers. The power of the government of this state is divided into three distinct branches-legislative, executive, and judicial. No person or persons charged with the exercise of power properly belonging to one branch shall exercise any power properly belonging to either of the others, except as in this constitution expressly directed or permitted.
Article VIII, Section 2, provides:
Tax power inalienable. The power to tax shall never be surrendered, suspended, or contracted away.
Article VIII, Section 9, provides:
*86 Balanced budget. Appropriations by the legislature shall not exceed anticipated revenue.
Clearly the provisions of Article III, Section 1 and Article VIII, Sections 2 and 9 place the constitutional authority for taxation and appropriation exclusively in the legislative branch of Montana government.
¶62 The majority in this Opinion has ignored the longstanding precedent that legislative enactments are presumed constitutional, and in doing so has likewise ignored the constitutional doctrine of separation of powers by exercising a power of the judiciary in an area properly belonging to the legislative branch of Montana government.
¶63 I would hold that H.B. 260 enacted in the 1999 legislative session is constitutional. Therefore, I respectfully dissent.
JUSTICE GRAY concurs in the dissenting opinion of CHIEF JUSTICE TURNAGE.